IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO ANDRES GARCIA #01052874 | § | |
| VS. | § | CIVIL ACTION NO. 6:24-146 |
| INDIGENT DEPT., TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Antonio Andres Garcia, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this action on a form petition for habeas relief under 28 U.S.C. § 2254 to complain about a previous order of this Court in one of his civil rights lawsuits. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be dismissed with prejudice as frivolous, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. The Petition and Relevant Background**

Petitioner has filed several civil rights lawsuits in the past year, in which his habit has been to file numerous frivolous or premature motions. *See*, *e.g.*, *Garcia v. U.S. Government*, No. 6:23-619, Docket Nos. 6–8, 12 (E.D. Tex.); *Garcia v. Director*, No. 6:23-586, Docket Nos. 4–6, 13, 14 (E.D. Tex.); *Garcia v. Unknown Staff*, No. 6:23-585, Docket Nos. 3, 4, 8, 11–13, 15–17, 19 (E.D. Tex.). To minimize the judicial time wasted on such motions—all filed in the absence of a pleading sufficiently viable to survive screening—the Court has, in some instances, prohibited extraneous filings until Petitioner satisfies other requirements. One such order appears to be the genesis of this action.

1

In *Garcia v. U.S. Government*, No. 6:23-619, the Court determined on December 14, 2023, that Petitioner's amended complaint (filed at the order of the United States District Court for the Southern District of Texas, which later transferred the case to this Court for proper venue) was still deficient and that he had not filed a properly supported application to proceed as a pauper. Deficiency Order, *id.* (E.D. Tex. Dec. 14, 2023). Because Petitioner had already filed two incoherent and premature motions by that point (*id.*, Docket Nos. 7, 8), the Court included in its Deficiency Order a prohibition on any further filings until Petitioner filed a second amended petition and satisfied the fee requirement as ordered. Deficiency Order at 3, *id*. Petitioner ultimately complied with that Order, and the Court later dismissed that case as frivolous and for failure to state a claim upon which relief could be granted. Order Adopting Report and Recommendation, *id.* (E.D. Tex. March 22, 2024). A motion for relief for judgment is pending in that case.

Although he uses the original Southern District matter number applied to that case before transfer: "2:23-cv-00305," the "judgment" about which Petitioner now brings this Section 2254 petition is the Deficiency Order in that case: "12/14/23 Docket #11 (order)." (Dkt. #1 at 1.) He complains that the ban on extraneous filings was illegal and violated his rights in various ways.

## II. Standard of Review

The Rules Governing Section 2254 cases require the Court to "promptly examine" any petition for writ of habeas corpus and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. The federal writ of habeas corpus is available only when an inmate in custody on a state conviction establishes "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The role of federal courts in reviewing habeas petitions filed by state

prisoners is thus exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present.  *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted).  Pro se habeas petitions are construed liberally and "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

**III. Discussion and Analysis**

State prisoners may seek federal habeas relief pursuant to 28 U.S.C. § 2254 to collaterally attack an existing state court conviction and sentence. *See*, *e.g.*, *Prieser v. Rodriguez*, 411 U.S. 475 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive avenue for challenging the legality of a state court conviction). Petitioner here does not challenge his criminal conviction or the sentence he is serving. Instead, he alleges a legal error by this Court in an unrelated civil rights lawsuit, which is well outside the scope of Section 2254.

Plaintiff has thus not identified a constitutional or other federal violation affecting the fact or length of his imprisonment, which is fatal to his habeas petition and could not be overcome by amendment. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The Court should therefore deny Petitioner's requested relief and dismiss his petition as frivolous.

**IV. Certificate of Appealability**

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability (COA) from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Petitioner has failed to present a substantial showing of a denial of a constitutional right regarding his conviction or sentence, and he has failed to establish that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

### RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed as frivolous, with prejudice. It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 25th day of April, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE